UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MANUEL SOLORSANO,

                    Plaintiff,

   -against-

CALIBER Z CONSTRUCTION CO., INC.,
MASTERPIECE BUILDERS, INC. and
DELIO ZOZIMO,

                    Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Plaintiff, MANUEL SOLORSANO ("Plaintiff"), by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, CALIBER Z CONSTRUCTION CO., INC., MASTERPIECE BUILDERS, INC. and DELIO ZOZIMO (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants to recover unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law"). Defendants failed to pay Plaintiff premium overtime wages for hours worked in excess of 40 hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

1

3. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

## THE PARTIES

5. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

6. Defendant, CALIBER Z CONSTRUCTION CO., INC. ("CALIBER Z"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

7. At all times relevant, Defendant, CALIBER Z, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

8. At all relevant times, Defendant, CALIBER Z, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in construction and restoration and used tools, equipment and other materials, many of which originated in states other than New York.

9. Defendant, DELIO ZOZIMO, is a shareholder and/or officer of CALIBER Z, has authority to make payroll and personnel decisions for CALIBER Z, is active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

10. Defendant, MASTERPIECE BUILDERS, INC. ("MASTERPIECE"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

11. At all times relevant, Defendant, MASTERPIECE, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

12. At all relevant times, Defendant, MASTERPIECE, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in construction and restoration and used tools, equipment and other materials, many of which originated in states other than New York.

13. Defendant, DELIO ZOZIMO, is a shareholder and/or officer of MASTERPIECE, has authority to make payroll and personnel decisions for MASTERPIECE, is active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

**FACTS**

14. Defendants are engaged in the construction industry.

15. Plaintiff was employed by the Defendants as a laborer from in or about 2007 until in or about 2018.

16. Plaintiff regularly worked Monday through Saturday. Plaintiff began work each workday at 5:30 a.m. The time that Plaintiff finished work varied each workday. Each workday,

Plaintiff worked until at least 5:30 p.m. and often did not finish work until 6:00 p.m. or later. Plaintiff regularly worked more than 40 hours per week.

17. Defendants did not pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked after 40 hours per workweek.

18. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

19. Defendants failed to furnish Plaintiff with an accurate wage statement each pay period as required by Labor Law §195.

20. Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

21. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

22. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

23. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

24. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

25. As a result of defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)**

26. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

27. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

28. By defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

29. Due to defendants' violations of the New York Labor Law, Defendants are liable to Plaintiff for unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW SECTION 195(3)**

30. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

31. Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period as required by Section 195 of the Labor Law.

32. Due to defendant's failure to provide Plaintiff with an accurate statement of his wages each pay period, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii) Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv) Damages pursuant to New York State Labor Law §198;

(v) All attorneys' fees and costs incurred in prosecuting these claims; and

(vi) Such other relief as this Court deems just and proper.

Dated: December 17, 2019

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s/ Peter A. Romero, Esq.*
_____
Peter A. Romero, Esq.
825 Veterans Highway Ste. B
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com